IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

JAMES M WILLIAMS,

    Plaintiff,

VS.                            Civil Action File No.
                                  **1:07-CV-25 (WLS)**

DWAYNE AYERS,

    Defendant.

## **RECOMMENDATION**

Currently pending in this *pro se* prisoner 42 U.S.C. § 1983 action is defendant's pre-answer motion to dismiss for failure to exhaust administrative remedies (Doc. 11).[1]

Plaintiff filed the instant action on or about February 1, 2007, alleging that defendant violated his constitutional rights when he delayed plaintiff's liver biopsy.

Defendant contends that this suit should be dismissed because plaintiff failed to exhaust administrative remedies prior to filing this lawsuit.

42 U.S.C.§ 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

---

[1] The undersigned notes that in this district, the practice has been to convert motions to dismiss into motions for summary judgment where matters outside the pleadings are involved, such as the case herein; however, in light of the fact that this motion to dismiss has been filed prior to an answer being filed, the undersigned will treat it as a motion to dismiss.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

Defendant has filed an affidavit from the manager of the office with oversight into the grievance process in the Georgia Department of Corrections. The prison grievance process consists of first filing an informal grievance to attempt a resolution. (Fields Aff. ¶ 6). If the inmate is unsatisfied with this result, he may file a formal grievance. (Id.). If the formal grievance is denied, the inmate may appeal to the final step, a review by the Commissioner's office. (Id.).

Ms. Fields states that on May 21, 2007, Mr. Williams filed grievance no. 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 alleging that Dr. Ayers delayed his test for a liver biopsy. (Fields Aff. ¶ 9). The grievance was denied on May 31, 2007, because Mr. Williams' liver biopsy appointment was pending. (Id.). Mr. Williams appealed, and that appeal was denied on June 8, thereby finally exhausting his administrative remedies. (Id.). As plaintiff filed this action on or about February 1, 2007, it is clear that he did not exhaust administrative remedies prior to filing this suit.

In his response to this motion, plaintiff states he filed an informal grievance, but was never told it was rejected. He does not state what, if any, action he took to further the grievance, and does not explain why the grievance was not exhausted until after he filed the lawsuit.

Plaintiff has not satisfied the exhaustion requirement of § 42 U.S.C. 1997(e). The clear mandate of Alexander v. Hawk is that a prisoner must exhaust the remedies available under an administrative remedy program before filing an action such as this. Given these circumstances, the undersigned believes that dismissal is mandated for failure to exhaust administrative remedies.

The court must follow the dictates of circuit law. This circuit, in interpreting the PLRA, has determined that exhaustion is now a pre-condition to suit, and the courts can no longer simply waive those requirements where it is determined the remedies are futile or inadequate. Alexander v.

Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998); Harper v. Jenkin, supra.

Accordingly, it is the RECOMMENDATION of the undersigned that defendant's motion to dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 30th day of January, 2008.

                                      //S Richard L. Hodge
                                      RICHARD L. HODGE
                                      UNITED STATES MAGISTRATE JUDGE

msd